# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| Plaintiff, | | |
| v. | | Case No. 17-03061-01-CR-S-BP |
| **ANIBAL CARBAJAL-GALVAN,** | | |
| Defendant. | | |

## MOTION FOR DETENTION

The United States of America, by and through its undersigned attorneys, respectfully requests that this Court order the detention of the defendant, Anibal Carbajal-Galvan. In support, the United States offers the following suggestions:

1. An indictment has been filed charging the defendant with having unlawfully re-entered the United States after having been removed, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

2. Title 18, United States Code, Section 3142(f)(2) provides that a hearing shall be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community upon a motion of the attorney for the Government or upon the judicial officer's own motion, when there is a serious risk that the defendant will flee, or when there is a serious risk that the defendant will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

3. Regarding the defendant's risk of non-appearance, the defendant currently has an immigration detainer which has been lodged with the U.S. Marshal Service. The existence of an ICE detainer by itself is not a categorical, per se basis for detention because the Bail Reform Act creates no per se category of persons who must be detained, absent an individualized inquiry into the person's risk of flight or danger to the community. However, the Court can consider the defendant's status and existence of pending immigration proceedings as information relevant when considering other factors under the Act since they indicate prior noncompliance with federal law and thus are analogous to a prior criminal history. In this regard, the defendant is a citizen of Honduras, not lawfully present in the United States. Further, the defendant has a track record of refusal to conform his conduct to what United States' laws require, as shown by his entering and repeatedly re-entering the United States without permission. On January 29, 2007, the defendant was ordered deported from the United States to Honduras. The defendant was subsequently deported a second time from the United States to Honduras on April 30, 2008, at or around Houston, Texas.

4. The Government also submits that the defendant poses a serious risk of flight in that prior to his apprehension for the instant offense, he was listed under absconder/warrant status on November 18, 2004, for his failure to appear before the McCracken Circuit Court of Kentucky.

5. Regarding the danger this defendant poses to the community, after repeatedly and illegally entering and re-entering the United States, the defendant has been twice convicted of drug trafficking. The Government notes the following from the defendant's criminal history:

a. On July 9, 2010, the defendant was arrested by the McCracken County Kentucky Sheriff's Department for trafficking a controlled substance, to wit: cocaine. On February 25, 2011, the defendant was convicted. The defendant failed to report to his sentencing hearing on May 2, 2011, and a warrant was issued for his arrest. The defendant was subsequently charged with first-degree bail jumping and persistent felony offender.

b. On May 4, 2006, the defendant was convicted in the Superior Court of Coconino County, Arizona, Case No. CR 2005-1248, of felony solicitation to commit transportation of narcotics for sale, in which the defendant was found to be in possession of 1.5 pounds of cocaine. He was sentenced to 1.5 years' imprisonment in the Arizona Department of Corrections.

c. On July 7, 2004, the defendant was arrested by the Carbondale Illinois Police Department for aggravated battery and mob action. According to Jackson County Illinois Probation, the defendant was sentenced on October 25, 2004, to a class A misdemeanor and given 18 months' conditional discharge and dismissed.

d. On August 25, 2003, the defendant was arrested for driving under the influence (DUI) in Carbondale, Illinois, and was convicted on November 12, 2003, and sentenced to 12 months' supervised probation.

e. On January 31, 2008, the defendant was arrested by the Carbondale Illinois Police Department for driving while revoked. No charges were filed.

f. On April 3, 2008, the defendant was arrested by the Des Plaines Illinois Police Department for driving without a license. No charges were filed, and he was turned over to ICE custody.

g. The defendant was charged in the Jackson County Illinois Circuit Court with theft/control/intent, less than $300 prior offender. The charge was dismissed on October 12, 2007.

6. Finally, the evidence of the defendant's guilt is overwhelming. *See* 18 U.S.C. § 3142(g)(2).

Based upon the foregoing, the United States submits that there is clear and convincing evidence that the defendant poses a danger to the community, and a preponderance of the evidence indicates that there are no conditions the Court could impose that would reasonably assure the

defendant's presence at trial. The Government therefore respectfully requests that a detention hearing be held, and that the defendant be detained pending trial of this matter.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By:    */s/ Steven M. Mohlhenrich*
      STEVEN M. MOHLHENRICH
      Assistant United States Attorney

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 9, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

   */s/ Steven M. Mohlhenrich*
STEVEN M. MOHLHENRICH
Assistant United States Attorney